**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4661-17T2

JACQUELYN WASHINGTON,

    Plaintiff-Appellant,

v.

ZACHARY SAIFI and
PROGRESSIVE INSURANCE
COMPANY,

    Defendants-Respondents.

_____

Argued June 5, 2019 – Decided June 26, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6791-16.

Bridget Saro argued the cause for appellant (Law Offices of Frank J. Zazzaro, attorneys; Bridget Saro, on the briefs).

David M. Geissler argued the cause for respondent Zachary Saifi (Law Offices of David C. Harper, attorneys; David M. Geissler, on the brief).

Shlomo Y. Singer argued the cause for respondent Progressive Insurance Company (Cooper, Maren,

Nitsberg, Voss & DeCoursey, attorneys; Vittorio Vella, on the brief).

PER CURIAM

In this automobile negligence action, plaintiff Jacquelyn Washington appeals from the April 27, 2018 order granting summary judgment to defendants Zachary Saifi and Progressive Insurance Company (Progressive), and the June 8, 2018 order denying her motion for reconsideration. The trial judge found plaintiff was culpably uninsured under N.J.S.A. 39:6A-4.5 as she did not have the requisite Personal Injury Protection (PIP) coverage required under the statute. We affirm.

In January 2015, plaintiff was involved in an automobile accident with defendant Saifi on the Garden State Parkway. Plaintiff had resided and worked in New Jersey since June 2013. She was driving an SUV registered to her brother, George, who lived in Pennsylvania. However, the vehicle, used solely by plaintiff, had been garaged at her apartment in New Jersey for the eighteen months that she had lived in the state prior to the accident. Plaintiff was making the payments on the vehicle. When it was paid in full, George transferred the title to plaintiff in September 2015.

The SUV was insured through an automobile policy issued by Progressive in Pennsylvania. George was identified as the first named insured, plaintiff was

2

listed as a named insured, and both were noted as living in Pennsylvania. The policy provided liability coverage of $100,000/$300,000 and uninsured/underinsured coverage of the same amount. It also provided $5000 in medical expenses benefits.

Following the accident, plaintiff filed a claim with Progressive for medical expense benefits. In response, plaintiff's counsel received a letter from the insurer's claim department in April 2015, stating in pertinent part:

> Since this accident occurred in the State of New Jersey your client is entitled to New Jersey PIP coverage under the Deemer Statute, N.J.S.[A.] 17:28-1.4. Under this Policy, Pennsylvania PIP coverage pays for reasonable and necessary medical expenses incurred as a result of the motor vehicle accident, up to a $5,000 limit. NJ PIP coverage has a $250 deductible per accident, 20% copay for the first $5,000 of medical expenses and a maximum limit of $250,000 per accident. If your client exhausts the available benefits under the Pennsylvania PIP Coverage, she is entitled to New Jersey PIP benefits. At that time, she will be responsible to pay the $250 deductible and the 20% co-payment for the first $5,000 of incurred medical expenses.
>
> After the deductible and co-payment have been met we would be responsible for payment of reasonable and necessary medical expenses up to a maximum limit of $250,000.

Thereafter, Progressive paid $25,503.20 in PIP benefits to plaintiff's medical providers.

3

Plaintiff instituted suit, seeking damages for her personal injuries against Saifi and underinsured motorist coverage from Progressive. Saifi moved for summary judgment, asserting that plaintiff's claim was barred under N.J.S.A. 39:6A-4.5(a) because she had not procured the requisite amount of PIP coverage.[1]

In a thorough April 27, 2018 written decision, Judge Mayra V. Tarantino granted summary judgment to defendants. The judge determined that plaintiff was the beneficial owner of the SUV because she had exclusive control of it, she was making the payments on the vehicle, and title was transferred to her shortly after the accident. Judge Tarantino also noted the uncontroverted evidence that the SUV was principally garaged in New Jersey. Therefore, she concluded that, "as 'true owner' . . . of a vehicle that was principally garaged in New Jersey . . . [p]laintiff was required to maintain automobile liability insurance coverage under the provisions approved by the Commissioner, including mandatory medical expense benefits coverage of $15,000."

In addressing plaintiff's argument that her SUV was insured under a Pennsylvania policy, the judge noted that policy did not provide the requisite $15,000 PIP coverage. Because plaintiff failed to procure the PIP coverage

---

[1] In a letter to the trial court, Progressive joined in the motion.

A-4661-17T2

required under New Jersey law, the judge found she was barred from recovering damages under N.J.S.A. 39:6A-4.5. In turn, because plaintiff was not entitled to recover damages from Saifi, she was also precluded from recovering underinsured motorist benefits from Progressive. Plaintiff's subsequent motion for reconsideration was denied.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We must consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Here, based on our review of the record, there were no material issues of fact in dispute; therefore, the motion for summary judgment was properly granted.

Every owner of an automobile principally garaged in New Jersey must maintain automobile liability insurance coverage under provisions approved by the Commissioner, including mandatory medical expense benefits of $15,000

5

per person. N.J.S.A. 39:6A-3, -3.1, 3.3; see also Caviglia v. Royal Tours of Am., 178 N.J. 460, 466 (2004) (stating that "[a]ll owners of motor vehicles registered or principally garaged in New Jersey are required to maintain minimum amounts of standard, basic, or special liability insurance coverage for bodily injury, death, and property damage caused by their vehicles").

A vehicle owner is deemed "culpably uninsured" if he or she is "required by statute to maintain [the requisite] PIP coverage but . . . ha[s] failed to do so." Perrelli v. Pastorelle, 206 N.J. 193, 202 (2011) (quoting Craig & Pomeroy, New Jersey Auto Insurance Law § 15:5 at 305 (2011)). A person who fails to maintain such coverage "shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile." N.J.S.A. 39:6A-4.5(a).

In order to find that plaintiff was required to maintain New Jersey medical expense benefits coverage, it must be established that her vehicle was principally garaged in New Jersey. As we determined in Chalef v. Ryerson, 277 N.J. Super. 22, 27 (App. Div. 1994), the term "principally garaged" means "the physical location where an automobile is primarily or chiefly kept or where it is kept most of the time." In Chalef, the plaintiff had been living and working in New Jersey for four consecutive months before the accident. Id. at 27. We

A-4661-17T2

deemed that span of time sufficient to find the plaintiff's car was principally garaged in New Jersey. Id. at 28.

Here, plaintiff was living in New Jersey and parking her vehicle at her apartment every day for eighteen months prior to the accident. She had more than sufficient time to register and insure her SUV in New Jersey. Her failure to insure her vehicle under a New Jersey policy precludes her from seeking recovery for her bodily injuries under N.J.S.A. 39:6A-4.5(a).

Plaintiff asserts that because Progressive provided her with New Jersey's maximum PIP coverage of $250,000, her Pennsylvania policy was reformed, and therefore, she is not a "culpably uninsured" driver. We disagree.

There is no evidence supporting plaintiff's contention that Progressive reformed its policy when it provided plaintiff the New Jersey limits of PIP coverage. In fact, plaintiff benefitted from Progressive's decision to pay her over $25,000 in medical expenses when she only paid for coverage of $5000. Progressive's decision does not impact, and is irrelevant to, New Jersey's statutory automobile insurance requirements.

For the same reasons, we reject plaintiff's argument that since she had an automobile insurance policy providing coverage to her SUV, she cannot be deemed culpably uninsured. Because plaintiff's policy lacked the requisite PIP

A-4661-17T2

coverage, she was considered uninsured under New Jersey law and is barred from recovering damages for economic and non-economic losses.

We also disagree that the Deemer Statute, N.J.S.A. 17:28-1.4, serves to protect plaintiff's claims against defendants. The Deemer Statute requires an out-of-state insurer authorized to transact business in New Jersey to include PIP coverage pursuant to N.J.S.A. 39:6A-4 "for any New Jersey resident who is not required to maintain [PIP] coverage pursuant to [N.J.S.A. 39:6A-4 or N.J.S.A. 39:6A-3.1] and who is not otherwise eligible for such benefits, whenever the automobile . . . insured under the policy is used or operated in this State." N.J.S.A. 17:28-1.4 (emphasis added). It "was intended to ensure that New Jersey residents injured by out-of-state vehicles have recourse to policies providing coverage at least as broad as a New Jersey policy." Craig & Pomeroy, New Jersey Auto Insurance Law § 3:3 (2019).

For the reasons already stated, plaintiff was required to obtain an insurance policy with the requisite New Jersey coverage. Because she failed to do so, the Deemer Statute is inapplicable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4661-17T2